IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) ) | |
| GERRESHEIMER WILDEN PLASTICS, | ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) ) | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Donna McLeod who was adversely affected by such practices. The Commission alleges that Ms. McLeod was subjected to wage discrimination based on her race, African American, and terminated from her position as a Quality Assurance Manager in retaliation for complaining about wage discrimination and filing a charge of discrimination with the Equal Employment Opportunity Commission.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Gerresheimer Wilden Plastics, (the "Defendant"), has continuously been a Georgia corporation doing business in the State of Georgia and the City of Peachtree City, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Donna McLeod filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February 2008, Defendant has engaged in unlawful employment practices at its Peachtree City, Georgia location, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and §2000e-3(a), by paying Ms. McLeod lesser wages than similarly situated, non-African Americans for performing equal work under similar working conditions, and discharging her in retaliation for engaging in protected activity, i.e., complaining internally about wage discrimination and filing a charge of discrimination with the Commission.

8. From her time of hire in February 2008, to the date of her discharge, the Defendant paid Ms. McLeod lesser wages than similarly situated, non-African Americans for performing substantially equal work under similar working conditions.

9. In June 2008, based on her good performance, Ms. McLeod received a raise of $6,500.00.

10. In October 2008, Donna McLeod lodged an internal complaint with the Defendant alleging wage discrimination based on race and sex.

11. In December 2008, Donna McLeod filed a charge of discrimination with the EEOC alleging wage discrimination based on race and sex.

12. On January 23, 2009, Ms. McLeod stated to management officials that she believed that, due to her charge of discrimination, she was being subjected to harassment and intimidation.

13. On January 29, 2010, the Defendant terminated Ms. McLeod for articulated reasons that are unworthy of credence.

14. The effect of the practice(s) complained of in paragraph 7 above has been to deprive Donna McLeod of equal employment opportunities and otherwise adversely affect her status as an employee, because she engaged in protected activity.

15. The unlawful employment practices complained of in paragraphs 7-13 above were intentional.

16. The unlawful employment practices complained of in paragraphs 7-13 above, were done with malice or with reckless indifference to the federally protected rights of Donna McLeod.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against individuals who engage in protected activity, or engaging in any employment practices which result in the unequal payment of wages based on race.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans and employees who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Donna McLeod by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.      Order Defendant to make whole Donna McLeod by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses resulting from the retaliation, in amounts to be determined at trial.

E.      Order Defendant to make whole Donna McLeod by providing compensation for past and future non-pecuniary losses resulting from the unlawful

practices complained of above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Donna McLeod punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

[Jury Trial Demand and signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

9/24/2010
Date

Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Ottrell Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818
Facsimile: (404) 562-6905